## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| Darren A. Tucker | : | |
| Debtor | : | |
| | : | CASE NO. 1:16-bk-04747-RNO |
| Darren A. Tucker | : | |
| Movant | : | |
| | : | |
| v. | : | |
| | : | 11 U.S.C. 363 |
| First National Bank of Pennsylvania, | : | |
| York County Tax Claim Bureau, and | : | |
| The City of York | : | |
| Respondents | : | |
| | : | |

## ORDER APPROVING SALE OF REAL PROPERTIES
## FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES
## AND APPROVING DISTRIBUTION OF PROCEEDS

The Motion of the Debtor, Darren A. Tucker, to Approve the Sale of Real Properties Free

and Clear of Liens, Claims and Encumbrances and Approving Distribution of Proceeds

("Motion") having come this day before the Court, and following notice to creditors in the above

case and an opportunity for a hearing thereon, and the Court believing that the sale of the Real

Properties (as defined below) is in the best interests of the Debtor and his estate, and that such

sale is made in good faith, and that the consideration offered is fair and reasonable, it is

**HEREBY ORDERED** that:

1.        Darren A. Tucker, Debtor herein, is authorized to sell the

Real Properties being known as and having locations as follows:

| | |
|---|---|
| 542 E. Market Street, York, PA | 715 Manchester Street, York, PA |
| 534 N. Pershing Avenue, York, PA | 306 Chestnut Street, York, PA |
| 721 E. Clark Lane, York, PA | 123 N. Albemarle Street, York, PA |
| 131 N. West Street, York, PA | 553 W. Clarke Avenue, York, PA |

| | |
|---|---|
| 119 E. Boundary Avenue, York, PA | 117 E. Boundary Avenue, York, PA |
| 432 W. College Avenue, York, PA | 654 W. College Avenue, York, PA |
| 642 W. King Street, York, PA | 833 Linden Avenue, York, PA |
| 28 Lafayette Street, York, PA | 255-257 W. Market Street, York, PA |
| 259-263 W. Market Street, York, PA | 620 Vander Avenue, York, PA |
| 647-651 W. Market Street, York, PA | 138 Hamilton Avenue, York, PA |
| 705 E. Prospect Street, York, PA | 707 E. Prospect Street, York, PA |
| 719 E. Prospect Street, York, PA | 42 N. Hartley Street, York, PA |
| 378 W. King Street, York, PA | 44 S. Penn Street, York, PA |
| 53 E. Cottage Place, York, PA | 42 S. Penn Street, York, PA |
| 508 S. Pershing Avenue, York, PA | 644 Cleveland Avenue, York, PA |
| 217 E. Arch Street, York, PA | 403 N. Queen Street, York, PA |
| 226 Cottage Hill Road, York, PA | 437 E. Prospect Street, York, PA |
| 439 E. Prospect Street, York, PA | 843 Linden Avenue, York, PA |
| 257 Roosevelt Avenue, York, PA | |

(the "Real Properties"), all as defined by and under the terms of and pursuant to that certain Agreement between the Debtor, as Seller, and Lemuria Investments, LP or its assigns, as Buyers (the "Agreement"), and as set forth in the Motion. Such sale shall be to Lemuria Investments, LP, or its assigns for the total consideration of $650,000.00.

2.　　The sale of the Real Properties shall be free and clear of all liens, claims and encumbrances. All liens will attach to the proceeds in the order of their priority subject to the distribution set forth in this Order. The secured liens against the Real Properties include mortgages in favor of First National Bank of Pennsylvania ("FNB) in the aggregate amount of $$1,603,400.00; statutory liens for unpaid real estate taxes in the approximate amount of $352,132.90; municipal liens to the City of York for unpaid water and sewer utilities in the approximate amount of $122,120.19; and statutory liens to the City of York for City Code-required license and inspection fees applicable to all rental properties in the City of York in the approximate amount of $6,525.00.

3.　　The distribution of the funds generated by the sale of the Real Properties shall be as follows:

i. Any notarization or incidental recording fees required to be paid by the Debtor as Seller.

ii. Any costs associated with the preparation of the deed or normal services with respect to closing.

iii. Realty transfer tax as required to be paid by Debtor, Darren Tucker, as Seller.

iv. Settlement fees, tax certifications, and overnight/express mail charges, if any, required to be paid by Debtor Darren Tucker, as Seller.

iv. Attorney's fees in an amount not to exceed $18,023.64 payable to Law Offices of John M. Hyams payable on account of services in connection with this case, subject to an application for compensation approved by this Court.

v. Quarterly fees then due and payable to the Office of the U.S. Trustee and as may be generated by the Transaction herein described.

vi. Payment of all past due and present real estate taxes owed on the Real Properties prorated to the date of sale.

vii. Payment to the City of York for Licensing and Inspection Fees in the approximate amount of $6,525.00.

vii. Payment to the City of York by Buyer for outstanding (past due and presently owed) municipal charges for water and sewer utilities owed against the Real Properties on the date of sale.

viii. Payment to Elite Property Management in the amount of $60,000.00 for its services rendered to Buyer in connection with this sale.

ix. Payment to FNB up to the full amount of the allowed secured claims of FNB on account of its first priority mortgage liens against the Real Properties and in an amount of no less than $180,000.00.  It is believed that there will be insufficient funds to pay the

allowed secured claims of FNB in full. FNB has consented to the terms of this proposed sale, provided that it receives net proceeds of no less than $180,000.00.

4.     The Debtor is empowered and ordered to execute any and all documents necessary to effectuate the sale of the Real Properties.

5.     Federal Rule of Bankruptcy Procedure 6004(h) is not applicable, and the Real Properties may be sold and purchased promptly.

6.     Upon payment of the appropriate fee, the Clerk's Office shall provide the Debtor with certified copies of this Order, as are necessary to establish the sale the Real Properties Free and Clear of all liens, claims, and encumbrances.

7.     In the event there is a dispute as to the disposition of any sale proceeds net of the aforesaid costs of sale identified above in Paragraph 3 of this Order, then the Sale Transaction shall proceed, and any disputed proceeds shall be deposited with, and held in escrow by, the Debtor's bankruptcy counsel, Law Offices of John M. Hyams pending further Order of this Court.

8.     Buyer is a good faith purchaser within the meaning of 11 U.S.C. §363(m) and In re Abbotts Dairies of Pennsylvania, Inc., 788 F.2d 142 (3rd Cir. 1986).

9.     This Court shall retain jurisdiction (a) to enforce and implement the terms and provisions of the sale and the Sale Transaction and each of the agreements, instruments, and documents executed in connection therewith; (b) to enforce this Order and to bar the enforcement of any Liens and Claims or other liabilities, except as otherwise assumed, against Buyer or the Real Properties; (c) to compel delivery of deeds to the Real Properties to Buyer; (d) to resolve any disputes arising under or related to the sale and/or the Sale Transaction; and (e) to interpret, implement, and enforce the provisions of this Order.

10.     The terms and provisions of this Order shall be binding in all respects upon, and shall inure to the benefit of, Debtor, this bankruptcy estate, its creditors, and the Buyer, and its respective heirs, representatives, administrators, successors, and assigns, and any affected third parties, including but not Limited to any person that asserts or may assert any Liens and claims against, or in, this bankruptcy estate or the Real Properties, and any bankruptcy trustee of the Debtor who herein after may be appointed.

By the Court,

_Robert N. Opel II_

Robert N. Opel, II, Chief Bankruptcy Judge
(BI)

Dated: June 8, 2017